UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KERRY TURNER,

                Plaintiff,

    v.

ANDREW HERNANDEZ, *et al.*,

                Defendants.

Case No. 3:25-cv-00110-ART-CSD

ORDER ADOPTING REPORT AND RECOMMENDATION

      Mr. Turner brings this case against Detective Andrew Hernandez, Officer Julian Castro, Officer Thomas Williams, Washoe County Assistant District Attorney Michael Vieta-Kabell, and Washoe County Public Defender Scott Fahrendorf. (ECF No. 1-1.) He alleges a Fourth Amendment violation against officer defendants for an unreasonable search during his arrest, a Fourteenth Amendment claim of fabrication of evidence against the same defendants, and a failure of the Assistant District Attorney and Public Defender to protect his rights. (*Id.*) Before the Court is Magistrate Judge Craig Denney's report and recommendation (R&R) recommending a grant of Mr. Turner's application to proceed IFP, dismissal of Mr. Turner's Fourth Amendment and civil rights claims against Mr. Vieta-Kabell and Mr. Fahrendorf with prejudice, and dismissal of Mr. Turner's Fourteenth Amendment claim without prejudice.

**I.    LEGAL STANDARD**

      Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1)(C). Where, as here, neither party objects to a magistrate judge's recommendation, the district court is not required to perform any review of that judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

      Judge Denney recommends that Mr. Turner's Fourth Amendment claim be

dismissed with prejudice because it is duplicative to a claim that was already fully adjudicated against Mr. Turner in state court and affirmed on appeal. Judge Denney also recommends that Mr. Turner's claims against Mr. Vieta-Kabell and Mr. Fahrendorf be dismissed with prejudice because state prosecutors are absolutely immune from Section 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" or "when performing the traditional functions of an advocate," *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and state public defenders are not state actors for the purposes of Section 1983. *See George v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

Judge Denney recommends that Mr. Turner's Fourteenth Amendment claim for fabrication of evidence be dismissed without prejudice because the claim does not accrue until the criminal proceeding terminates in the plaintiff's favor. *See McDonough v. Smith*, 588 U.S. 109 (2019). Plaintiff may raise the claim, if appropriate, if he achieves an invalidation of his conviction. Mr. Turner has not objected to Judge Denney's R&R, and his time to do so has now expired. (ECF No. 5.)

The Court agrees with Judge Denney's reasoning and adopts his R&R dismissing Mr. Turner's claims.

## II.  CONCLUSION

It is therefore ordered that Judge Denney's report and recommendation (ECF No. 5) is adopted in full, except that the IFP application is denied as moot.

It is further ordered that Plaintiff Kerry Turner's application to proceed *in forma pauperis* (ECF No. 1), is DENIED as moot.

It is further ordered that Plaintiff Kerry Turner's complaint (ECF No. 1-1) is FILED.

1     It is further ordered that Plaintiff Kerry Turner's Fourth Amendment claim is DISMISSED with prejudice.

    It is further ordered that Plaintiff Kerry Turner's claims against Mr. Vieta-Kabell and Mr. Fahrendorf are DISMISSED with prejudice.

    It is further ordered that Plaintiff Kerry's Turner's Fourteenth Amendment claim is DISMISSED without prejudice, so that Mr. Turner may raise the claim, if appropriate, if his conviction is invalidated.

    It is further kindly ordered that the Clerk CLOSE this case.

    Dated this 26th day of September 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE